IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD W. CALKINS,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN CHAPPEL,<br><br>Defendant. | Case No.: C 13-4562 JSC (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 seeking improved his medical needs.[1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed without prejudice to Plaintiff returning to federal court after he has exhausted his administrative remedies.

//

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 7).

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Section 1997e of Title 42 of the United States Code provides that " [n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law,

2

1 by a prisoner confined in any jail, prison, or other correctional facility until such
2 administrative remedies as are available are exhausted. " 42 U.S.C. § 1997e(a). Compliance
3 with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).
4 The administrative remedies need not meet federal standards, nor need they be "plain, speedy
5 and effective." *Id.* Although nonexhaustion under Section 1997e(a) is an affirmative defense,
6 a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*,
7 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without
8 prejudice if it is clear from the pleadings that the prisoner concedes that he did not exhaust
9 administrative remedies. *Ibid.*

10 The State of California provides its inmates and parolees the right to appeal
11 administratively "any departmental decision, action, condition or policy perceived by those
12 individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In
13 order to exhaust available administrative remedies within this system, a prisoner must proceed
14 through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC
15 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4)
16 third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5;
17 *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative
18 remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

19 Plaintiff states in his complaint that he only filed an administrative appeal regarding his
20 claims at the informal level, and that he has not appealed to the highest level of appeal
21 available to him. (Complaint at 1-2.) He states that his claims has been rejected, and that he
22 is "in the process" of presenting his claim for review through the prison's grievance
23 procedures. (*Id.* at 2.) An action must be dismissed unless the prisoner exhausted his
24 available administrative remedies before he or she filed suit. *McKinney v. Carey*, 311 F.3d
25 1198, 1199 (9th Cir. 2002). As Plaintiff has not presented grounds for excusing the
26 exhaustion requirement, and he has clearly pleaded that he has not exhausted all of his
27 available administrative remedies, his complaint must be dismissed.
28 //

3

**CONCLUSION**

This case is DISMISSED without prejudice to Plaintiff bringing his claims in a new case after he has exhausted his available administrative remedies.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 1, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE